HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL AND COOPERAGE COMPANY<br><br>         Defendants. | Case No. CR 19-00258 RAJ<br><br>ORDER ON DEFENDANT LOUIE SANFT'S MOTION IN LIMINE TO EXCLUDE TESTIMONIAL STATEMENTS OF JOHN SANFT, OR IN THE ALTERNATIVE, FOR SEVERANCE FROM DEFENDANT SEATTLE BARREL |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant Louie Sanft's Motion *in Limine* to Exclude the Testimonial Statements of John Sanft, or in the Alternative, for Severance from Seattle Barrel. Dkt. 83. The government opposes the motion. Dkt. 96. Having reviewed the pleadings, relevant record, and pertinent law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **DENIED in part** and **GRANTED in part.**

## II.   BACKGROUND

On March 8, 2019, EPA-CID agents executed a search warrant on Seattle Barrel. Dkt. 83 at 3. EPA agents interviewed John Sanft and recorded his statements. *Id.* The

ORDER – 1

government indicated it intended to introduce statements made by John during his interviews with EPA agents to demonstrate that he had knowledge of the alleged discharges.  Dkt. 58 at 1.  Defendant John Sanft filed a motion to require admission of certain additional statements he made pursuant to Federal Rule of Evidence 106, the rule of completeness.  Dkt. 47.  On the same day, Defendant Louie Sanft filed a motion to sever John's trial from Louie's because introducing incriminating out-of-court statements of John would violate Louie's Confrontation Clause rights.  Dkt. 48.  On August 4, 2021, the Court granted both motions.  Dkt. 57-58.

Louie now moves the Court to exclude any evidence of potentially incriminating statements by his co-defendant John during his custodial interview with EPA agents. Dkt. 83 at 2.  Specifically, Louie argues that the following nine statements are inadmissible:

- Louie Sanft "knows exactly what [Dennis Leiva] does" with caustic liquid from the plant's barrel-cleaning tank;
- Louie Sanft is personally responsible for all permitting and "paperwork" relating to Seattle Barrel's status as hazardous waste generator, including preparation and submission of monthly reports regarding discharges to the sewer;
- Louie Sanft is responsible for any submissions of information to inspectors ("Louie does that [and] knows all the inspectors");
- Louie Sanft was personally responsible for hiring a contractor to fill in the "hidden" drain into which Dennis Leiva is suspected of discharging;
- Louie Sanft was personally responsible for ordering "chemicals" used in the plant, which would include caustic solution used in the barrel-cleaning tank;
- Louie Sanft is "in charge of [the] facility";
- Louie Sanft is often physically present and "does work" at the Seattle Barrel plant (as opposed to his own office across the street);
- Seattle Barrel employees take instruction from Louie directly ("Louie, they listen to Louie"), whereas they ignore John Sanft; and
- Louie Sanft "knows how to run that machine"—a reference to the plant's wastewater treatment system—and "[h]e and Dennis run that machine."

Dkt. 83 at 4-5 (citations omitted).

ORDER – 2

### III.  DISCUSSION

In the pending motion, Louie argues that such statements are inadmissible "because (1) Louie Sanft was unable to cross-examine John Sanft during John's interrogation; (2) John Sanft will be absent from Louie Sanft's trial, such that he cannot be cross-examined; and (3) John Sanft's statements are inadmissible testimonial hearsay, as they would only be relevant if introduced for their truth." Dkt. 83 at 2. Louie argues that such statements are barred by *Crawford v. Washington*, 541 U.S. 36 (2004) as their introduction would violate his rights under the Confrontation Clause. Dkt. 83 at 6-7. He also contends that such statements are precluded under Federal Rule of Evidence 402, which bars irrelevant evidence, and Rule 403, which excludes relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. *Id.* at 2, 8-9.

The government argues that John's statements are admissible because they are not offered for their truth. Dkt. 97 at 1. The government claims that *Crawford* does not exclude such statements because the Confrontation "Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 6 (citing 541 U.S. at 60 n. 9). The government contends that John's repeated denials of his knowledge of the hidden drains are not offered for their truth, but for their falsity. *Id.* at 7. Specifically, the government asserts, the statements demonstrate "the conspiracy to conceal material information from the United States charged in Count 1; they are evidence that the defendants acted knowingly in Counts 2 though 34; and they are the basis of the false statement charged in Count 36." *Id.* The government argues that John's statements that are truthful are also admissible as statements made during an interview that is generally intended to mislead law enforcement, citing *United States v. Stewart*, 433 F.3d 273, 293 (2d Cir. 2006). *Id.*

The government also argues that John's statements are admissible against Seattle

ORDER – 3

Barrel as party admissions, an exception to hearsay under Rule 801(d)(2)(D). *Id.* The government further contends that if the Court finds that some statements are only admissible against Seattle Barrel as party admissions, and not against Louie, the statements at issue are nonetheless admissible in a joint trial with a limiting instruction based on *Richardson v. Marsh,* 481 U.S. 200, 208 (1987). *Id.* at 8. The government acknowledges, however, that two of the nine statements Louie seeks to exclude may not meet the *Richardson* standard, and thus agrees not to offer them. *Id.* at 9.

The Court finds that John's false statements made in the custodial interview are admissible insofar as they are offered for their falsity. *See Anderson v. United States*, 417 U.S. 211, 219 (1974) (holding "[o]ut-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted"). The Court also finds that the remainder of the statements are admissible against Seattle Barrel as party admissions of Seattle Barrel. Fed. R. Evid. 801(d)(2)(D) (a statement is not hearsay if it is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed"). With respect to the admissibility of the statements against Louie, further analysis is required.

The Supreme Court in *Richardson* held that if a "confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial," it was not barred under *Bruton v. United States,* 391 U.S. 123 (1968)*,* and could be admitted with a proper limiting instruction*.* 481 U.S. 200, 208 (1987). Accordingly, the Ninth Circuit has since found that *Bruton* does not exclude "mildly incriminating" statements, *see United States v. Angwin*, 271 F.3d 786, 797 (9th Cir. 2001), *overruled on other grounds, United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc), and requires a "sufficiently 'devastating' or 'powerful' inculpatory impact to be incriminatory on its face," *United States v. Olano*, 62 F.3d 1180, 1195 (9th Cir. 1995) (citation omitted).

The Court finds that the majority of John's statements at issue here are not facially

ORDER – 4

incriminating.  Statements regarding Louie's management of Seattle Barrel—e.g. that he is responsible for permitting, paperwork, submissions of information to inspectors, ordering chemicals, and that he is physically present and in charge of the facility—are not powerfully incriminating without being linked to further evidence.  The Court, therefore, concludes that they are admissible with a proper limiting instruction.  *See* 481 U.S. at 208.  However, the Court finds that two statements, acknowledged by the government to raise potential *Bruton* issues, should be excluded.  *Id.* at 9.  Specifically, the following statements raise concerns: (1) "Louie knows exactly what [Dennis Leiva] does," and (2) Louie was personally responsible for hiring a contractor to fill in the "hidden" drain.  *Id.*  The Court therefore excludes these statements pursuant to *Bruton*.  The Court finds exclusion of these statements sufficient to protect Louie's rights under the Confrontation Clause and concludes that a severance from Seattle Barrel is unnecessary.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant Louie Sanft's Sanft's Motion *in Limine* to Exclude the Testimonial Statements of John Sanft, or in the Alternative, for Severance from Seattle Barrel.  Dkt. 83.  The Court **GRANTS** the motion to exclude the following statements of John Sanft: (1) "Louie knows exactly what [Dennis Leiva] does," and (2) Louie was personally responsible for hiring a contractor to fill in the "hidden" drain.  The Court **DENIES** the motion with respect to the remainder of the statements raised.

DATED this 16th day of November, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5