HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12 | UNITED STATES OF AMERICA,

13 |              Plaintiff,

14 |      v.

15 | LOUIE SANFT, JOHN SANFT, and
    | SEATTLE BARREL AND COOPERAGE
16 | COMPANY

17 |              Defendants.

18

Case No. CR 19-00258 RAJ

ORDER ON DEFENDANT LOUIE
SANFT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF
ALLEGED CO-CONSPIRATOR
STATEMENTS, OR IN THE
ALTERNATIVE, FOR *JAMES*
HEARING

19 |          **I.       INTRODUCTION**

20         THIS MATTER comes before the Court on Defendant Louie Sanft's Motion *in*

21 *Limine* to Exclude Evidence of Alleged Co-Conspirator Statements, or in the Alternative,

22 for *James* Hearing.  Dkt. 87.  The government opposes the motion.  Dkt. 96.  Having

23 considered the pleadings, record, and relevant law, the Court finds that oral argument is

24 unnecessary.  For the reasons below, the motion is **DENIED**.

25 |          **II.       BACKGROUND**

26         On March 8, 2019, EPA agents executed a search warrant at Seattle Barrel.  Dkt.

27 96 at 3.  During this engagement, EPA agents interviewed John Sanft and Louie Sanft.

28 ORDER – 1

*Id.* The government indicated that it planned to use portions of John's recorded interview to demonstrate that he had knowledge of the alleged discharges. Dkt. 58 at 1. Defendant John Sanft filed a motion to require admission of certain additional statements he made pursuant to the Federal Rule of Evidence 106, the rule of completeness. Dkt. 47. On the same day, Defendant Louie Sanft filed a motion to sever John Sanft's trial from Louie Sanft's because introducing incriminating out-of-court statements of John Sanft would violate Louie Sanft's Confrontation Clause rights. Dkt. 48. On August 4, 2021, the Court granted both motions. Dkt. 57-58.

The government has since indicated it intends to introduce statements by John from his March 8, 2019 interview as non-hearsay co-conspirator statements. Dkt. 87 at 3. Defendant Louie Sanft now moves the Court to issue an order that statements made by John to EPA agents during his custodial interview cannot be characterized as co-conspirator statements and should be excluded. Dkt. 87 at 2-3. While the government has not indicated which statements it plans to set forth as non-hearsay co-conspirator statements, Louie objects to the admission of the following statements:

1. Louie Sanft "knows exactly what [Dennis Leiva] does" with liquid from the plant's caustic tank.

2. Louie Sanft is personally responsible for all permitting and "paperwork" relating to Seattle Barrel's status as a generator of hazardous waste including the submission of monthly reports regarding discharges to the sewer.

3. Louie Sanft is responsible for any submission of information to inspectors ("Louie does that [and] knows all the inspectors").

4. Louie Sanft was personally responsible for hiring a contractor to fill in the drain into which Leiva is suspected of discharging.

5. Louie Sanft was personally responsible for ordering "chemicals" used in the plant, which would include caustic solution.

6. Louie Sanft is "in charge of [the] facility."

7. Louie Sanft is often physically present and "does work" in the Seattle Barrel plant (as opposed to his office across the street).

8. Seattle Barrel employees take instruction from Louie directly ("Louie, they listen to Louie").

ORDER – 2

9. Louie Sanft "knows how to run that machine"—a reference to the plant's wastewater treatment system—and "[h]e and Dennis run that machine."

10. Louie Sanft had a pipe to the evaporator installed so that liquid from the caustic tank could be pumped to the evaporator.

11. Seattle Barrel would historically "drain the whole caustic thing [tank] right into the sump."

Dkt. 87 at 3-4 (citations omitted).

## III.    DISCUSSION

Louie argues that the government should be precluded from introducing non-hearsay co-conspirator statements[1] because it has not established any of the predicates required to do so. *Id.* at 5.  Specifically, Louie asserts that the government has not met its burden to show that a conspiracy existed, that John and Louie were members of that conspiracy, or that John's statements were made during the course of and in furtherance of the conspiracy. *Id.* at 5-6.  Louie contends that because "the government's execution of the search warrant resulted in the discontinuation of the allegedly high pH discharging of water, John Sanft's statements were made after the failure of any alleged conspiracy, and thus not 'in the course' as a matter of law." *Id.* at 5.  Louie argues that the government's failure to establish a conspiracy renders the statements inadmissible hearsay that should be excluded. *Id.* at 3.  If the Court decides not to exclude the statements, Louie asks the Court to order the government to provide predicate evidence of a conspiracy in a pretrial *James* hearing, or a "preliminary hearing to consider all of the evidence concerning the coconspirator statements" to determine whether the government has established a predicate conspiracy. *Id.* at 7 (citing *United States v. Swanson*, 2007 WL 4105732, at *3 (N.D. Cal. Nov. 16, 2007).

---

[1] The Court notes that it has already found a majority of the statements listed here admissible as non-hearsay or not facially incriminating in its prior order.  Dkt. 115. Because the government has not indicated to Defendants which statements it plans to set forth as co-conspirator statements, however, the Court will address Louie's argument that the government cannot characterize any statements in John's custodial interview as co-conspirator statements and that they should all be excluded.

ORDER – 3

1    The government argues that John's statements are not barred because they are not

2    offered for their truth.  Dkt. 96 at 2.  The government contends that John's statements that

3    he did not know about the hidden drain, had only seen Dennis Leiva discharge from the

4    caustic tank a few times, and had told Leiva not to do this are false statements that are

5    admissible to "establish the existence of a conspiracy, to prove one of its overt acts, and

6    to show the intent of the co-conspirators," not the truth of the matter asserted.  *Id.* at 4-5.

7    The government argues that John's truthful statements[2] are admissible because

8    statements made by a co-conspirator are permitted when they are made alongside false

9    statements in an effort to mislead law enforcement.  *Id.* at 5.

10   The government also contends that these statements are admissible co-conspirator

11   statements under Rule 801(d)(2)(E) as part of "the conspiracy to conceal the illegal

12   activity from the EPA."  *Id.* at 5.  The government argues that Louie's motion ignores

13   that the charged conspiracy "is not limited to the discharges themselves, but also

14   includes . . . (a) concealment from the EPA and KCIW the existence of the hidden drain

15   and the fact that Seattle Barrel had been discharging through it; and (b) defrauding the

16   EPA through false statements . . . about the discharges and hidden drain."  *Id.*  The

17   government asserts that John's false statements to the EPA agents were evidence of his

18   continued perpetuation of the conspiracy, and thus qualify as co-conspirator statements

19   under Fed. R. Evid. 801(d)(2)(E).  *Id.*  At minimum, the government argues, John's

20   truthful statements are admissible as party admissions of Seattle Barrel.  *Id.*  With respect

21   to Louie's alternative request for a *James* hearing, the government argues that such a

22   hearing is "never appropriate when statements are not offered for their truth and [is] not

23   favored in the Ninth Circuit."  *Id.*

24   As the Court concluded in its prior order, dkt. 115, John's false statements are not

25

26   [2] The government agreed, however, not to offer two statements: (1) that Louie knew what
     Leiva was doing with the caustic solution; and (2) that Louie was responsible for hiring a
27   contractor to fill in the hidden drain.  *Id.*  As the Court noted in its prior order, the Court
     will hold the government to its word.  Dkt. 115.

28   ORDER – 4

barred as hearsay because they are not being offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c) (defining "hearsay" as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); *see Anderson v. United States*, 417 U.S. 211, 219 (1974) (holding "[o]ut-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted"). As such, these statements do not implicate the Confrontation clause. *Crawford v. Washington*, 541 U.S. 36, 59 (2004) (holding that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted").

The Court finds John's truthful statements admissible as non-hearsay co-conspirator statements subject to later motions to strike. "The test for admissibility of out-of-court statements of a co-conspirator is whether there is sufficient, substantial evidence apart from the statements which establishes a prima facie case of the conspiracy and the defendant's slight connection to the conspiracy." *United States v. Batimana*, 623 F.2d 1366, 1368 (9th Cir. 1980). However, the Ninth Circuit "has held repeatedly that the order of proof is within the sound discretion of the trial court." *United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980). In this Circuit, "[t]he procedure of conditionally admitting co-conspirator's statements subject to later motions to strike is well within the court's discretion." *Id.* Recognizing this Circuit's precedent permitting conditional admission, the Ninth Circuit has rejected requests for *James* hearings as "the practicality of a pretrial determination is questionable here." 634 F.2d at 1169 n. 13; *see also United States v. Santa*, No. CR S-08-0468 KJM, 2012 WL 1194680, at *2 n. 2 (E.D. Cal. Apr. 10, 2012) (holding "a pretrial hearing to review co-conspirator statements is at least discretionary, if not disfavored, in the Ninth Circuit"). The Court finds a *James* hearing unnecessary here. While the Court admits the statements, it will not hesitate to strike testimony if the government is unable to prove the existence of a conspiracy at trial.

ORDER – 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Louie Sanft's Motion *in Limine* to Exclude Evidence of Alleged Co-Conspirator Statements, or in the Alternative, for *James* Hearing.  Dkt. 87.

DATED this 16th day of November, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6